## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN OVERSIGHT,<br>1030 15th Street NW, B255<br>Washington, DC 20005<br><br>*Plaintiff,*<br><br>v.<br><br>U.S. DEPARTMENT OF DEFENSE,<br>1600 Pentagon 3E788<br>Washington, DC 20301-1600<br><br>U.S. DEPARTMENT OF THE AIR FORCE,<br>1670 Air Force Pentagon<br>Washington, DC 20330-1670<br><br>U.S. DEPARTMENT OF THE ARMY,<br>101 Army Pentagon<br>Washington, DC 20310-0101<br><br>and<br><br>U.S. DEPARTMENT OF THE NAVY,<br>1000 Navy Pentagon<br>Washington, DC 20350-1000<br><br>*Defendants.* | Case No. 17-2707 |

## COMPLAINT

1.      Plaintiff American Oversight brings this action against the U.S. Department of

Defense, the U.S. Department of the Air Force, the U.S. Department of the Army, and the

U.S. Department of the Navy under the Freedom of Information Act, 5 U.S.C. § 552 (FOIA), and

the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, seeking declaratory and injunctive

relief to compel compliance with the requirements of FOIA.

**JURISDICTION AND VENUE**

2.     This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §§ 1331, 2201, and 2202.

3.     Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

4.     Because Defendants have failed to comply with the applicable time-limit provisions of the FOIA, American Oversight is deemed to have exhausted its administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C)(i) and is now entitled to judicial action enjoining the agency from continuing to withhold agency records and ordering the production of agency records improperly withheld.

**PARTIES**

5.     Plaintiff American Oversight is a nonpartisan, non-profit section 501(c)(3) organization primarily engaged in disseminating information to the public. American Oversight is committed to the promotion of transparency in government, the education of the public about government activities, and ensuring the accountability of government officials. Through research and FOIA requests, American Oversight uses the information it gathers, and its analysis of it, to educate the public about the activities and operations of the federal government through reports, published analyses, press releases, and other media. The organization is incorporated under the laws of the District of Columbia.

6.     Defendant U.S. Department of Defense (DOD) is a department of the executive branch of the U.S. government headquartered in Washington, DC, and an agency of the federal government within the meaning of 5 U.S.C. § 552(f)(1). DOD has possession, custody, and control of the records that American Oversight seeks.

7.      Defendant U.S. Department of the Air Force (Air Force) is a component of DOD and is also headquartered in Washington, DC. Air Force has possession, custody, and control of the records that American Oversight seeks.

8.      Defendant U.S. Department of the Army (Army) is a component of DOD and is also headquartered in Washington, DC. Army has possession, custody, and control of the records that American Oversight seeks.

9.      Defendant U.S. Department of the Navy (Navy) is a component of DOD and is also headquartered in Washington, DC. Navy has possession, custody, and control of the records that American Oversight seeks.

## STATEMENT OF FACTS

10.     On July 26, 2017, President Trump announced over the course of three tweets that transgender persons would no longer be permitted to serve "in any capacity" in the U.S. military.

11.     Following the president's announcement there was confusion among the public as to whether and to what extent the White House consulted with the Pentagon prior to the president's tweets.

12.     On August 25, 2017, the White House issued a formal Presidential Memorandum banning transgender individuals from entering the military and requiring the military to authorize the discharge of transgender service members.

13.     The president's proposed ban has been the subject of federal litigation.

14.     In an October 30, 2017 memorandum opinion, Judge Colleen Kollar-Kotelly of the U.S. District Court for the District of Columbia noted that the reasons given for the president's directives "do not appear to be supported by any facts" and that "the military itself" has rejected the reasons given.

*Generals FOIA*

15.     On July 28, 2017, American Oversight submitted a FOIA request to Defendants

bearing internal tracking number DOD-17-0301 (the "Generals FOIA") seeking access to the

following records on an expedited basis:

> Any analysis or recommendations from any general, admiral, or
> military expert provided to the White House regarding DOD's
> policy regarding the service of transgender individuals in the U.S.
> military from any DOD personnel in the following offices:
>
> a. the Office of the Secretary of Defense, including the
>    secretary, chief of staff, deputy secretary, and the assistant
>    to the secretary of defense for public affairs;
> b. the Office of the Joint Chiefs of Staff;
> c. the Office of the Secretary of the Air Force;
> d. the Office of the Secretary of the Army;
> e. the Office of the Secretary of the Navy; or
> f. the Office of the Under Secretary of Defense for Personnel
>    & Readiness; or
> g. the Office of the Assistant Secretary of Defense for
>    Manpower & Reserve Affairs;
> h. the Office of the Assistant Secretary of Defense for Health
>    Affairs; or
> i. the Office of the General Counsel of the Department of
>    Defense.
>
> Please provide all responsive records from January 20, 2017,
> through 8:55 AM EDT on July 26, 2017.

A copy of the Generals FOIA is attached hereto as Exhibit A and incorporated herein.

16.     DOD assigned the Generals FOIA tracking number 17-F-1385.

17.     By a letter dated August 8, 2017, DOD denied expedited processing of the

Generals FOIA. A copy of the letter is attached hereto as Exhibit B and incorporated herein.

18.     On August 24, 2017, American Oversight appealed DOD's denial of expedited

processing of the Generals FOIA. A copy of the appeal is attached hereto as Exhibit C and

incorporated herein.

19.     DOD assigned American Oversight's appeal tracking number 17-A-1385-A1.

20.     By a letter dated October 12, 2017, DOD affirmed the denial of expedited processing of the Generals FOIA. A copy of the letter is attached hereto as Exhibit D and incorporated herein.

21.     Army assigned the Generals FOIA tracking number FA-17-0194.

22.     Army did not make a decision with regard to the request for expedited processing of the Generals FOIA.

23.     By a letter dated September 25, 2017, Army responded to the Generals FOIA stating that Army had conducted a search and that the "search failed to yield responsive records."

24.     On December 13, 2017, American Oversight mailed its appeal regarding the adequacy of Army's search for records responsive to the Generals FOIA; according to U.S. Postal Service tracking, the appeal was received at Army on December 15.

25.     Neither Air Force nor Navy has acknowledged the Generals FOIA.

26.     Neither Air Force nor Navy has made a decision with regard to the request for expedited processing of the Generals FOIA.

27.     Through DOD's denial of American Oversight's request for expedition, American Oversight has exhausted its administrative remedies as to that issue and seeks immediate judicial review.

28.     Through Air Force's and Navy's failure to make a decision with regard to American Oversight's request for expedition within the time period required by law, American Oversight has constructively exhausted its administrative remedies as to that issue and seeks immediate judicial review.

Case 1:17-cv-02707 Document 1 Filed 12/19/17 Page 6 of 17

29. As of the date of this Complaint, DOD, Air Force, and Navy have failed to (i) notify American Oversight of any determination regarding the Generals FOIA, including the scope of any responsive records DOD, Air Force, and Navy intend to produce or withhold and the reasons for any withholdings; or (ii) produce the requested records or demonstrate that the requested records are lawfully exempt from production.

30. Through DOD's, Air Force's, and Navy's failure to make a determination as to the Generals FOIA within the time period required by law, American Oversight has constructively exhausted its administrative remedies as to that issue and seeks immediate judicial review.

*All Advice FOIA*

31. On October 31, 2017, American Oversight submitted a FOIA request to Defendants bearing internal tracking number DOD-17-0464 (the "All Advice FOIA") seeking access to the following records on an expedited basis:

> Any analysis, reports, or recommendations regarding DOD's policy regarding the service of transgender individuals in the U.S. military from any DOD personnel in the following offices:
>
> a. the Office of the Secretary of Defense, including the secretary, chief of staff, deputy secretary, and the assistant to the secretary of defense for public affairs;
> b. the Office of the Joint Chiefs of Staff;
> c. the Office of the Secretary of the Air Force;
> d. the Office of the Secretary of the Army;
> e. the Office of the Secretary of the Navy; or
> f. the Office of the Under Secretary of Defense for Personnel & Readiness; or
> g. the Office of the Assistant Secretary of Defense for Manpower & Reserve Affairs;
> h. the Office of the Assistant Secretary of Defense for Health Affairs; or
> i. the Office of the General Counsel of the Department of Defense.

6

> Please provide all responsive records from January 20, 2017, through 8:55 AM EDT on July 26, 2017.

A copy of the All Advice FOIA is attached hereto as Exhibit E and incorporated herein.

32.     Navy assigned the All Advice FOIA tracking number DON-NAVY-2018-000947.

33.     By an email on November 28, 2017, Navy denied expedited processing of the All Advice FOIA. A copy of the email is attached hereto as Exhibit F and incorporated herein.

34.     Neither DOD, Air Force, nor Army has acknowledged the All Advice FOIA.

35.     Neither DOD, Air Force, nor Army has made a decision with regard to the request for expedited processing of the All Advice FOIA.

36.     Through Navy's denial of American Oversight's request for expedition, American Oversight has exhausted its administrative remedies as to that issue and seeks immediate judicial review.

37.     Through DOD's, Army's, and Air Force's failure to make a decision with regard to American Oversight's request for expedition within the time period required by law, American Oversight has constructively exhausted its administrative remedies as to that issue and seeks immediate judicial review.

38.     As of the date of this Complaint, all of the Defendants have failed to (i) notify American Oversight of any determination regarding the All Advice FOIA, including the scope of any responsive records Defendants intend to produce or withhold and the reasons for any withholdings; or (ii) produce the requested records or demonstrate that the requested records are lawfully exempt from production.

39.     Through Defendants' failure to make a determination as to the All Advice FOIA within the time period required by law, American Oversight has constructively exhausted its administrative remedies as to that issue and seeks immediate judicial review.

*Tweet FOIA*

40.     On October 31, 2017, American Oversight submitted a FOIA request to

Defendants bearing internal tracking number DOD-17-0465 (the "Tweet FOIA") seeking access

to the following records on an expedited basis:

> All records reflecting communications (including emails, telephone
> call logs, calendar entries, or any other records reflecting
> communications) regarding President Trump's tweet at 8:55 am that
> read "After consultation with my Generals and military experts,
> please be advised that the United States Government will not accept
> or allow……" from any DOD military or civilian personnel in the
> following offices:
>
> a. the Office of the Secretary of Defense, including the
>    secretary, chief of staff, deputy secretary, and the assistant
>    to the secretary of defense for public affairs;
> b. the Office of the Joint Chiefs of Staff;
> c. the Office of the Secretary of the Air Force;
> d. the Office of the Secretary of the Army;
> e. the Office of the Secretary of the Navy; or
> f. the Office of the Under Secretary of Defense for Personnel
>    & Readiness; or
> g. the Office of the Assistant Secretary of Defense for
>    Manpower & Reserve Affairs;
> h. the Office of the Assistant Secretary of Defense for Health
>    Affairs; or
> i. the Office of the General Counsel of the Department of
>    Defense.
>
> Please provide all responsive records from 8:55 AM EDT through
> 12:00 pm EDT on July 26, 2017.

A copy of the Tweet FOIA is attached hereto as Exhibit G and incorporated herein.

41.     Navy assigned the Tweet FOIA tracking number DON-NAVY-2018-000946.

42.     By an email on November 28, 2017, Navy denied expedited processing of the

Tweet FOIA. A copy of the email is attached hereto as Exhibit H and incorporated herein.

43.     Neither DOD, Air Force, nor Army has acknowledged the Tweet FOIA.

44.     Neither DOD, Air Force, nor Army has made a decision with regard to the request for expedited processing of the Tweet FOIA.

45.     Through Navy's denial of American Oversight's request for expedition, American Oversight has exhausted its administrative remedies as to that issue and seeks immediate judicial review.

46.     Through DOD's, Army's, and Air Force's failure to make a decision with regard to American Oversight's request for expedition within the time period required by law, American Oversight has constructively exhausted its administrative remedies as to that issue and seeks immediate judicial review.

47.     As of the date of this Complaint, all of the Defendants have failed to (i) notify American Oversight of any determination regarding the Tweet FOIA, including the scope of any responsive records Defendants intend to produce or withhold and the reasons for any withholdings; or (ii) produce the requested records or demonstrate that the requested records are lawfully exempt from production.

48.     Through Defendants' failure to make a determination as to the Tweet FOIA within the time period required by law, American Oversight has constructively exhausted its administrative remedies as to that issue and seeks immediate judicial review

**COUNT I**
**Violation of FOIA, 5 U.S.C. § 552**
**Failure to Grant Expedited Processing of the Generals FOIA by Air Force and Navy**

49.     American Oversight repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

50.     American Oversight properly requested records within the possession, custody, and control of Air Force and Navy, components of DOD, on an expedited basis.

51.     DOD is an agency subject to FOIA, and its components Air Force and Navy must process FOIA requests on an expedited basis pursuant to the requirements of FOIA and Defendants' regulations.

52.     The records sought relate to an activity of the federal government about which there is an urgent need to inform the public, and American Oversight is primarily engaged in disseminating information to the public; therefore, the Generals FOIA justified expedited processing under FOIA and Defendants' regulations.

53.     Air Force and Navy failed to make a decision as to whether expedited processing was appropriate and notify American Oversight of any such decision within ten days after the date of the request.

54.     The failure of Air Force and Navy to grant expedited processing of the Generals FOIA violates FOIA and Defendants' regulations.

55.     Plaintiff American Oversight is therefore entitled to injunctive and declaratory relief requiring Air Force and Navy to grant expedited processing of the Generals FOIA.

### COUNT II
### Violation of FOIA, 5 U.S.C. § 552
### Wrongful Denial of Expedited Processing of the Generals FOIA by DOD

56.     American Oversight repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

57.     American Oversight properly requested records within the possession, custody, and control of DOD on an expedited basis.

58.     DOD is an agency subject to FOIA and must process FOIA requests on an expedited basis pursuant to the requirements of FOIA and DOD's regulations.

59.     The records sought relate to an activity of the federal government about which there is an urgent need to inform the public, and American Oversight is primarily engaged in disseminating information to the public; therefore, the Generals FOIA justified expedited processing under FOIA and DOD's regulations.

60.     DOD wrongfully denied expedited processing of the Generals FOIA.

61.     DOD's failure to grant expedited processing of the Generals FOIA violated FOIA and DOD's regulations.

62.     Plaintiff American Oversight is therefore entitled to declaratory and injunctive relief requiring DOD to grant expedited processing of the Generals FOIA.

**COUNT III**
**Violation of FOIA, 5 U.S.C. § 552**
**Failure to Conduct Adequate Search for Records Responsive to the Generals FOIA**
**by DOD, Air Force, and Navy**

63.     American Oversight repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

64.     American Oversight properly requested records within the possession, custody, and control of DOD, Air Force, and Navy.

65.     DOD, Air Force, and Navy are an agency and components thereof subject to FOIA and must therefore make reasonable efforts to search for requested records.

66.     DOD, Air Force, and Navy have failed to promptly review agency records for the purpose of locating those records which are responsive to the Generals FOIA.

67.     DOD's, Air Force's, and Navy's failure to conduct an adequate search for responsive records violates FOIA.

68.     Plaintiff American Oversight is therefore entitled to injunctive and declaratory relief requiring DOD, Air Force, and Navy to promptly make reasonable efforts to search for records responsive to the Generals FOIA.

**COUNT IV**
**Violation of FOIA, 5 U.S.C. § 552**
**Wrongful Withholding of Non-Exempt Records Responsive to the Generals FOIA**
**by DOD, Air Force, and Navy**

69.     American Oversight repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

70.     American Oversight properly requested records within the possession, custody, and control of DOD, Air Force, and Navy.

71.     DOD, Air Force, and Navy are an agency and components thereof subject to FOIA and must therefore release in response to a FOIA request any disclosable records and provide a lawful reason for withholding any materials.

72.     DOD, Air Force, and Navy are wrongfully withholding agency records requested by American Oversight by failing to produce records responsive to its Generals FOIA.

73.     DOD's, Air Force's, and Navy's failure to provide all records responsive to the Generals FOIA violates FOIA.

74.     Plaintiff American Oversight is therefore entitled to injunctive and declaratory relief requiring DOD, Air Force, and Navy to promptly produce all non-exempt records responsive to the Generals FOIA and provide indexes justifying the withholding of any responsive records withheld under claim of exemption.

**COUNT V**
**Violation of FOIA, 5 U.S.C. § 552**
**Failure to Grant Expedited Processing of the All Advice FOIA and the Tweet FOIA**
**by DOD, Air Force, and Army**

75.     American Oversight repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

76.     American Oversight properly requested records within the possession, custody, and control of DOD, Air Force, and Army on an expedited basis.

77.     DOD, Air Force, and Army are an agency and components thereof subject to FOIA and must process FOIA requests on an expedited basis pursuant to the requirements of FOIA and Defendants' regulations.

78.     The records sought relate to an activity of the federal government about which there is an urgent need to inform the public, and American Oversight is primarily engaged in disseminating information to the public; therefore, the All Advice FOIA and the Tweet FOIA justified expedited processing under FOIA and Defendants' regulations.

79.     DOD, Air Force, and Army failed to make a decision as to whether expedited processing was appropriate and notify American Oversight of any such decision within ten days after the date of the requests.

80.     The failure of DOD, Air Force, and Army to grant expedited processing of the All Advice FOIA and the Tweet FOIA violates FOIA and Defendants' regulations.

81.     Plaintiff American Oversight is therefore entitled to injunctive and declaratory relief requiring DOD, Air Force, and Army to grant expedited processing of the All Advice FOIA and the Tweet FOIA.

**COUNT VI**
**Violation of FOIA, 5 U.S.C. § 552**
**Wrongful Denial of Expedited Processing of the All Advice FOIA and the Tweet FOIA**
**by Navy**

82.     American Oversight repeats the allegations in the foregoing paragraphs and

incorporates them as though fully set forth herein.

83.     American Oversight properly requested records within the possession, custody,

and control of Navy, a component of DOD, on an expedited basis.

84.     DOD is an agency subject to FOIA, and its component Navy must process FOIA

requests on an expedited basis pursuant to the requirements of FOIA and Defendants'

regulations.

85.     The records sought relate to an activity of the federal government about which

there is an urgent need to inform the public, and American Oversight is primarily engaged in

disseminating information to the public; therefore, the All Advice FOIA and the Tweet FOIA

justified expedited processing under FOIA and Defendants' regulations.

86.     Navy wrongfully denied expedited processing of the All Advice FOIA and the

Tweet FOIA.

87.     Navy's failure to grant expedited processing of the All Advice FOIA and the

Tweet FOIA violated FOIA and Defendants' regulations.

88.     Plaintiff American Oversight is therefore entitled to declaratory and injunctive

relief requiring Navy to grant expedited processing of the All Advice FOIA and the Tweet FOIA.

## COUNT VII
### Violation of FOIA, 5 U.S.C. § 552
**Failure to Conduct Adequate Search for Records Responsive to
the All Advice FOIA and the Tweet FOIA**

89.     American Oversight repeats the allegations in the foregoing paragraphs and
incorporates them as though fully set forth herein.

90.     American Oversight properly requested records within the possession, custody,
and control of the Defendants.

91.     Defendants are an agency and components thereof subject to FOIA and must
therefore make reasonable efforts to search for requested records.

92.     Defendants have failed to promptly review agency records for the purpose of
locating those records which are responsive to the All Advice FOIA and the Tweet FOIA.

93.     Defendants' failure to conduct an adequate search for records responsive to the
All Advice FOIA and the Tweet FOIA violates FOIA.

94.     Plaintiff American Oversight is therefore entitled to injunctive and declaratory
relief requiring Defendants to promptly make reasonable efforts to search for records responsive
to the All Advice FOIA and the Tweet FOIA.

## COUNT VIII
### Violation of FOIA, 5 U.S.C. § 552
**Wrongful Withholding of Non-Exempt Records
Responsive to the All Advice FOIA and the Tweet FOIA**

95.     American Oversight repeats the allegations in the foregoing paragraphs and
incorporates them as though fully set forth herein.

96.     American Oversight properly requested records within the possession, custody,
and control of the Defendants.

97.     Defendants are an agency and components thereof subject to FOIA and must therefore release in response to a FOIA request any disclosable records and provide a lawful reason for withholding any materials.

98.     Defendants are wrongfully withholding agency records requested by American Oversight by failing to produce records responsive to its All Advice FOIA and the Tweet FOIA.

99.     Defendants' failure to provide all records responsive to the All Advice FOIA and the Tweet FOIA violates FOIA.

100.     Plaintiff American Oversight is therefore entitled to injunctive and declaratory relief requiring Defendants to promptly produce all non-exempt records responsive to the All Advice FOIA and the Tweet FOIA and provide indexes justifying the withholding of any responsive records withheld under claim of exemption.

## REQUESTED RELIEF

WHEREFORE, American Oversight respectfully requests the Court to:

(1) Order Defendants to expedite the processing of American Oversight's FOIA requests identified in this Complaint;

(2) Order Defendants to conduct a search reasonably calculated to uncover all records responsive to American Oversight's FOIA requests identified in this Complaint;

(3) Order Defendants to produce, by such a date as the Court deems appropriate, any and all non-exempt records responsive to American Oversight's FOIA requests and indexes justifying the withholding of any responsive records withheld under claim of exemption;

(4) Enjoin Defendants from continuing to withhold any and all non-exempt records responsive to American Oversight's FOIA requests;

(5) Award American Oversight attorneys' fees and other litigation costs reasonably

incurred in this action, pursuant to 5 U.S.C. § 552(a)(4)(E); and

(6) Grant American Oversight such other relief as the Court deems just and proper.


Dated: December 19, 2017                    Respectfully submitted,

                                            */s/ Cerissa Cafasso*
                                            Cerissa Cafasso
                                            D.C. Bar No. 1011003

                                            */s/ John E. Bies*
                                            John E. Bies
                                            D.C. Bar No. 483730

                                            AMERICAN OVERSIGHT
                                            1030 15th Street NW, B255
                                            Washington, DC 20005
                                            (202) 869-5244
                                            cerissa.cafasso@americanoversight.org
                                            john.bies@americanoversight.org

                                            *Counsel for Plaintiff*

17